**<u>EXHIBIT A</u>**

**ORDER**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CyberDefender Corporation,[1] | ) | Case No.: 12-10633 (BLS) |
| | ) | |
| Debtor. | ) | |

### ORDER AUTHORIZING DEBTOR TO RETAIN, EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF DEBTOR'S BUSINESS

Upon consideration of the motion (the "Motion")[2] of the above-referenced Debtor and Debtor in possession (the "Debtor"), for an order authorizing the Debtor to retain, employ and compensate professionals used in the ordinary course of its business; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having determined that proper notice of the Motion was provided to parties entitled to notice in this chapter 11 case; and it appearing that no other or further notice need to be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish good and just cause for the relief granted herein, and sufficient cause appearing therefore, it is

---

[1] The last four digits of the Debtor's federal tax identification number are (5833). The Debtor's address is: 617 West 7th Street, Suite 1000, Los Angeles, CA 90017.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, the Debtor is authorized to retain and employ the Ordinary Course Professionals ("OCPs") listed on <u>Exhibit B</u> to the Motion, effective as of the date such OCP files its Declaration of Disinterestedness on the Notice Parties pursuant to the Ordinary Course Procedures, to assist and advise the Debtor in the operation of its business and to represent the Debtor in maters arising in the ordinary course of the Debtor's business, in accordance with the Compensation Procedures described in the Motion; and it is further

ORDERED that the following procedures for the retention and compensation of the OCPs are hereby approved (the "Ordinary Course Procedures"):

(g)     Each OCP shall file with this Court and serve upon (i) the Debtor, CyberDefender Corporation, 617 West 7th Street, Suite 1000, Los Angeles, CA 900 (Attn: Kevin Harris, Interim CEO and CFO); (ii) Counsel to the Debtor, James E. O'Neill, Esquire, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) and Teddy M. Kapur, Esquire, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California; (iii) Counsel to the Debtor's senior secured lender, GR Match, LLC; and (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (collectively, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness") similar to the form attached hereto as <u>Exhibit C</u> , at least fourteen (14) calendar days prior to submitting an invoice to the Debtor.

(h)     The Notice Parties shall have ten (10) calendar days after the receipt of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file such objection with this Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) calendar days of its receipt, the

matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date or other date agreeable to the parties thereto.

(i)　　If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order, and the Debtor shall be authorized to retain, employ and pay each such OCP (to the extent an objection was not filed). The Debtor shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtor and pay such OCP as set forth below.

(j)　　The Debtor reserves the right to modify the list of OCPs, as set forth on Exhibit B, in its sole discretion, from time to time as necessary to either add or remove OCPs without the need for any hearing and without the need to file individual employment applications for each. In such event, the Debtor proposes to file a supplemental list with this Court and serve it on the Notice Parties. Additionally, any supplemented OCP shall serve a Declaration of Disinterestedness on the Notice Parties and comply with the payment procedures as set forth herein.

(k)　　The Debtor shall be authorized to pay each OCP, without a formal application to this Court, of 100% of the fees and costs incurred after submission to the Debtor of a Declaration of Disinterestedness (as defined herein), and upon the submission to, and approval by, the Debtor of an invoice setting forth in reasonable detail the nature of the services rendered and costs incurred after the Petition Date, up to the lesser of (1) $25,000 per month per OCP, or (2) $100,000 per month, in the aggregate, for all OCPs, provided, however, that if any amount owed for an Ordinary Course Professional's fees and costs incurred exceeds a total of $25,000 per month on a "rolling basis" as hereinafter described, then the payments to such OCP for such excess amount(s) shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "Federal Rules"), the Local Rules, orders of the Court, and Fee Guidelines promulgated by the U.S. Trustee.

(l)　　The Debtor shall be authorized to pay fees on a "rolling basis." Paying fees on a "rolling basis" shall mean that an OCP whose fees and expenses are less than $25,000 in any given month may be paid in subsequent months a total of $25,000 plus the difference between $25,000 and the amount billed in prior months, with a cap or maximum payment of $35,000 to be paid to any OCP in any one month.

(m)　　Commencing on March 31, 2012, and each quarter thereafter during the pendency of this chapter 11 case, the Debtor shall file with this Court and serve on (i) the United States Trustee; (ii) counsel to the Debtor's senior secured lender, GR Match, LLC; (iii) counsel for any official committees appointed in this chapter 11 case (collectively, the "Committees"); and (iv) the Office of the United States Trustee for the District of Delaware, a statement with

- 3 -

respect to the immediately preceding three-month period (each, a "Quarter"). The first such statement shall cover the period from the Petition Date through March 31, 2012. Each statement shall include the following information for each OCP (1) the name of the OCP; (2) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during the reported Quarter; and (3) a general description of the services rendered by each OCP.

ORDERED that the OCP Procedures shall not apply to attorneys or other professionals retained or to be retained by the Debtor pursuant to separate orders of this Court; and it is further

ORDERED that the Debtor are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED: _____, 2012

_____
United States Bankruptcy Judge