THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CYDE Liquidating Co.,[1] | ) | Case No.: 12-10633 (BLS) |
| Debtor. | ) | |
| | ) | **Related to Docket No. 357** |

### ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CYDE LIQUIDATING CO. ( F/K/A CYBERDEFENDER CORPORATION) UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR AND ITS OFFICIAL COMMITTEE OF UNSECURED CREDITORS

A hearing was held before this Court on November 13, 2012 (the "Confirmation Hearing"), to consider confirmation of the *First Amended Joint Plan of Liquidation of CYDE Liquidating Co.( f/k/a CyberDefender Corporation) Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor and Its Official Committee of Unsecured Creditors* [Docket No. 357].

The Court has reviewed the Plan, the *First Amended Disclosure Statement for First Amended Joint Plan of Liquidation of CYDE Liquidating Co.( f/k/a CyberDefender Corporation) Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor and Its Official Committee of Unsecured Creditors* [Docket No. 358] (the "Disclosure Statement"), and other pleadings submitted in support of confirmation of the Plan.

The Court has examined the record compiled in the Chapter 11 Case and has considered, among other things: (i) the *Order (A) Approving Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the Chapter 11 Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of*

---

[1] The last four digits of the Debtor's federal tax identification number are (5833).  Pursuant to an order of the Bankruptcy Court, the Debtor's name, which was previously CyberDefender Corporation, has been changed to CYDE Liquidating CO.  The Debtor's address is:  CYDE Liquidating Co., c/o Solution Trust, 29209 Canwood St., Suite 210, Agoura Hills, CA 91301.

*Ballots, Voting Deadline, and Solicitation Procedures; and (E) Approving Form and Manner of*

*Notice* [Docket No. 342] (the "Solicitation and Voting Procedures Order"); (ii) *Notice of:*

*(I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm Plan of Liquidation;*

*and (III) Related Important Dates* [Docket No. 359] (the "Confirmation Hearing Notice"); (iii)

*the Affidavit of Service of Solicitation Materials* [Docket No. 363] (the "Notice Affidavit"); (iv)

the *Memorandum of Law of Debtor in Support of Confirmation of First Amended Joint Plan of*

*CYDE Liquidating Co. (f/k/a CyberDefender Corporation) under Chapter 11 of the Bankruptcy*

*Code Proposed by the Debtor and its Official Committee of Unsecured Creditors* the

"Supporting Brief"); (v) the *Declaration in Support of Memorandum of Law of Debtor in*

*Support of Confirmation of the First Amended Joint Plan of CYDE Liquidating Co. (f/k/a*

*CyberDefender Corporation) under Chapter 11 of the Bankruptcy Code Proposed by the Debtor*

*and its Official Committee of Unsecured Creditors* [Docket No. ___] (the "Supporting

Declaration"); (vi) the *Declaration of Tauheed Williams on Behalf of XRoads Case Management*

*Systems, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting the Debtor'*

*First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No.

385] (the "Voting Certification"); and (viii) the offers of proof, evidence admitted and the

arguments and representations of counsel at the Confirmation Hearing.  Based upon the

foregoing, and after due deliberation and sufficient cause appearing therefor, it appearing to the

Bankruptcy Court that notice of the Confirmation Hearing, the Plan and all modifications thereto

have been adequate and appropriate as to all parties affected or to be affected by the Plan and the

transactions contemplated thereby and that any party in interest so affected has had the

opportunity to object to Confirmation; and, it appearing to the Bankruptcy Court that the legal

and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; the Bankruptcy Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order:

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

### Findings of Fact and Conclusions of Law

A.    _Findings and Conclusions._  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rule 7052, and Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    _Jurisdiction and Venue._  This Court has jurisdiction over the Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    _Judicial Notice._  The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of this Chapter 11 Case.

D.    <u>Solicitation and Notice</u>.  On September 10, 2012, the Disclosure Statement and solicitation procedures to be used in soliciting acceptances of the Plan were approved by the Bankruptcy Court pursuant to the Solicitation and Voting Procedures Order.  The Solicitation and Voting Procedures Order, among other things, approved the Disclosure Statement as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtor's creditors to make an informed judgment whether to accept or reject the Plan.  Pursuant to the Solicitation and Voting Procedures Order, the Debtor distributed Solicitation Packages to all known Holders of Claims against the Debtor as of the Voting Record Date who are entitled to vote on the Plan (*i.e.*, Allowed Claims in Classes 4 and 5).  The Solicitation Package consisted of: (a) the Plan; (b) the Disclosure Statement; (c) the appropriate Ballot and voting instructions; (d) the Confirmation Hearing Notice; and (e) a pre-addressed return envelope.

As described in the Solicitation and Voting Procedures Order, and as evidenced by the Voting Certification and in the Notice Affidavit, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Case and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation and Voting Procedures Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest.

E.    <u>Voting</u>.  The Solicitation and Voting Procedures Order fixed October 19, 2012, as the Voting Deadline.  The Debtor through its designated claims and balloting agent, XRoads Case Management Services, LLC (the "<u>Claims Agent</u>"), have tabulated the Ballots

accepting and rejecting the Plan in the Voting Certification.  As set forth in the Voting

Certification, the Claims Agent has satisfied the ballot tabulation procedures set forth in the

Solicitation and Voting Procedures Order and properly tabulated the Ballots received in

connection with the Plan.

As set forth in the Voting Certification, the Plan has received the requisite support

of the Classes entitled to vote on the Plan and the vote in favor is sufficient to confirm the Plan

given the requirements of 28 U.S.C. § 1126(c).  Class 4 (Junior Subordinated Notes Claims) and

Class 5 (General Unsecured Claims) are impaired and are the only Classes entitled to vote on the

Plan.  Because the Plan does not impair Classes 1, 2, and 3, consisting of Priority Claims, GRM

Pre-Petition Claims, and Other Secured Claims these Classes are each deemed to have accepted

the Plan, and therefore are not entitled to vote under section 1126(f) of the Bankruptcy Code.

Because no payments or distributions will be made to, or retained by Class 6 (Equity Interests),

this class was deemed to reject the Plan and was not entitled to vote.

F.      Burden of Proof.  The Debtor has met its burden of proving the elements

of Section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the

applicable evidentiary standard for Confirmation.

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

G.      Plan Compliance – Section 1129(a)(1).  The Plan complies with all

applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section

1129(a)(1), including sections 1122 and 1123.

Proper Classification.  Article II.A  of the Plan properly designates Administrative

Claims, Professional Fee Claims, United States Trustee's Fees, GRM Post-Petition Claims, and

Priority Tax Claims as unclassified claims (collectively, the "Unclassified Claims").  Article III

of the Plan designates five (5) separate Classes of Claims and one (1) Class of Equity Interests.

Claims and Interests placed in each Class are substantially similar to other Claims and Interests,

as the case may be, in each Class.  Valid business, factual, and legal reasons exist for each

separate classification of various classes of Claims and Interests under the Plan and such Classes

do not unfairly discriminate among Holders of Claims and Interests.  No election for application

of section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under

Bankruptcy Rule 3014.  The Plan adequately and properly classifies all Claims and Equity

Interests required to be classified and thus satisfies the requirements of sections 1122 and

1123(a)(1) of the Bankruptcy Code.

> Specification of Unimpaired Classes.  Under the Plan, Classes 1, 2, and 3 and the

Unclassified Claims are unimpaired.  Article II of the Plan specifies the unimpaired classes under

the Plan and satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

> Specification of Treatment of Impaired Classes.  Under the Plan, Classes 4, 5, and

6 are impaired.  Article III.B of the Plan specifies the treatment of each impaired Class and thus

satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

> No Discrimination.  The Plan provides the same treatment for each Claim in a

particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such

Claim.  The Plan thus satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

> Adequate Means of Implementation.  Article V, and other provisions of the Plan,

provide adequate means for implementation of the Plan.  The Debtor has sufficient Cash

available to make all Distributions pursuant to the terms of the Plan.  In particular, the Debtor

have sufficient Cash to pay, in full, all Allowed Administrative Claims, Professional Fee Claims, Priority Tax Claims, and to pay for expenses relating to the general administration of the estates. The Plan thus satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

Voting Power of Equity Securities.  Section 1123(a)(6) of the Bankruptcy Code is not applicable because the Plan provides for the cancellation of all Equity Interests in the Debtor, and the Debtor will not have any equity security interests as of the Effective Date.

Officers and Directors.  The Plan does not provide for any officers or directors post-confirmation except the Plan Administrator appointed pursuant to Article V.H of the Plan. Therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

Discretionary Contents of the Plan.  In addition, Article III of the Plan provides for the impairment of Classes 4, 5, and 6, and the unimpairment of Classes 1, 2, and 3 as is permitted by section 1123(b)(1) of the Bankruptcy Code.  Article VII.A of the Plan also provides for the rejection of executory contracts and unexpired leases as permitted by section 1123(b)(7) of the Bankruptcy Code.  In addition, the Plan contains various other provisions that may be construed as discretionary, but are not required for Confirmation under the Bankruptcy Code. Such discretionary provisions comply with Bankruptcy Code section 1123(b) and are not inconsistent with the applicable provisions of the Bankruptcy Code.  Thus, Bankruptcy Code section 1123(b) is satisfied.

H.    Proponent Compliance – Section 1129(a)(2).  The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Code sections 1122, 1123, 1124, 1125, 1126 and 1128 and Bankruptcy Rules 3017, 3018 and 3019.  The Debtor solicited acceptances of the Plan in accordance with the

requirements of the Solicitation and Voting Procedures Order, and not otherwise.  The Ballots of

Holders of Claims entitled to vote on the Plan were properly solicited and tabulated.  The Debtor

has further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules

governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other

matters considered by the Court in these Chapter 11 Case.  The record in the Chapter 11 Case

further discloses that the Debtor has attempted in good faith to comply with the orders of the

Court entered during the pendency of the case and that the Debtor has not violated any such

orders.

I.      Good Faith – Section 1129(a)(3).  The Plan has been proposed in good

faith by the Debtor and not by any means forbidden by law.  No person has filed a valid

objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith

or by any means forbidden by law.  Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the

Court may determine compliance with Section 1129(a)(3) of the Bankruptcy Code without

receiving evidence on such issues.  The Court has examined the totality of the circumstances

surrounding the formulation of the Plan and the evidence submitted in connection with the

Confirmation Hearing.  The Plan has been accepted by the requisite Holders of Claims in the

Classes entitled to vote on the Plan and such acceptance evidences the informed judgment of

Creditors that the Plan is in their best interests.  The Plan was proposed with the legitimate and

honest purpose of maximizing the value of the Debtor' Estates and to effectuate a distribution of

such value to Creditors.  The Plan was negotiated in good faith and at arms' length among

representatives of the Debtor, the Official Committee of Unsecured Creditors, and certain other

key creditor constituencies during this Chapter 11 Case.  Therefore, the Plan has been proposed

in good faith, as such term is used in section 1129(a)(3) of the Bankruptcy Code.

J.      Plan Payments – Section 1129(a)(4).  All professional fees to be paid by

the Debtor for services or expenses in the Chapter 11 Case have either been fully disclosed and

approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the

approval of the Bankruptcy Court following Confirmation of the Plan.  Pursuant to the

*Administrative Order Establishing Procedures for Interim Compensation Pursuant to Section

331 of the Bankruptcy Code*, the Court authorized and approved the procedures for payment of

certain fees and expenses of professionals retained in this Chapter 11 Case.  All such fees and

expenses, as well as all other accrued fees and expenses of professionals through the Effective

Date, remain subject to final review for reasonableness by the Court under section 330 of the

Bankruptcy Code.

In addition, Article II.B of the Plan provides the procedures governing the

payment of professionals retained with approval by order of the Court or requesting

compensation in the Chapter 11 Case pursuant to Sections 330 or 503(b) of the Bankruptcy

Code.  Professionals shall be required to file an application for compensation of Professional

Claims no later than 60 days after the Effective Date.  The payment of such Professional Fee

Claims is subject to review and approval of the Court.  Article II.B of the Plan also provides that

the Court will retain jurisdiction after the Effective Date to determine applications for allowances

of compensation and reimbursement of expenses and the reasonableness of any fees and

expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan.

Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

K.     <u>Management Compensation/Consistency with Interests of Creditors –</u>

<u>Section 1129(a)(5)</u>.  The Plan does not provide for any officers or directors post-confirmation

except the Plan Administrator appointed pursuant to Article V.H of the Plan.  Accordingly,

section 1129(a)(5) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

L.     <u>Rates – Section 1129(a)(6)</u>.  There are no rates applicable to the Debtor

over which any governmental regulatory commission will have jurisdiction after confirmation of

the Plan.

M.     <u>Best Interests – Section 1129(a)(7)</u>.  As set forth in the Disclosure

Statement, each holder of an Allowed Claim will receive under the Plan property of a value not

less than the amount such holder would receive if the Debtor were liquidated under Chapter 7 of

the Bankruptcy Code.  A conversion of the Chapter 11 Case to Chapter 7 would likely be

accompanied by a decrease in the amount of recovery that Creditors would receive on account of

their claims as a result of the commissions and additional administrative fees and expenses that

would be incurred during a Chapter 7 case.  Thus, the Plan provides a superior recovery to

Creditors than conversion of the Chapter 11 Case to Chapter 7, and accordingly, the Plan is in

the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

M.     <u>Acceptance / Cramdown – Sections 1129(a)(8) and 1129(b)</u>.  All Holders

of Allowed Claims falling within Classes 4 and 5 have been given adequate opportunity to vote

to accept or reject the Plan.  As set forth above, the Plan has been accepted by the Holders of

Claims in Classes 4 and 5.  Classes 1, 2, and 3 are unimpaired and are deemed to have accepted

the Plan under Section 1126(f) of the Bankruptcy Code.  No voting Class voted to reject the

Plan.  Although Class 6 is deemed to have rejected the Plan under section 1176(g) of the

Bankruptcy Code, the Plan may be confirmed in this case notwithstanding the deemed rejection of the Class of Equity Interests because the Debtor satisfies section 1129(a)(10) and the "cram down" requirements of section 1129(b) of the Bankruptcy Code.  Section 1129(b) requires that a plan must not discriminate unfairly and must be fair and equitable as to each class of claims or interests that is impaired under, and has not accepted, the plan.  As set forth below, the Plan satisfies these requirements.

N.    Administrative Expenses/Priority Claims--Section 1129(a)(9).  Each Holder of an Allowed Administrative Claim or Priority Tax Claim shall receive the treatment set forth in Article II of the Plan, which satisfies section 1129(a)(9).

O.    Impaired Class Acceptances – Section 1129(a)(10).  Section 1129(a)(10) requires acceptance by at least one impaired class.  Insofar as both Classes 4 and 5 are impaired under the Plan, and, as reflected in the Voting Certification, the Plan has been accepted by both impaired Classes (without including the vote of any insider), this requirement has been satisfied.

P.    Feasibility – Section 1129(a)(11).  The Plan complies with section 1129(a)(11) of the Bankruptcy Code because there is sufficient Cash to satisfy Allowed Administrative Claims, the expenses of the Estates, and the obligations under the Plan.

Q.    Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12).  All outstanding fees due under 28 U.S.C. § 1930 that have not been paid shall be paid by the Debtor on or before the Effective Date.  Thereafter, the Plan Administrator shall pay any statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the case.

R.    <u>Retiree Benefits – Section 1129(a)(13)</u>.  The Debtor is not obligated to provide "retiree benefits" within the meaning of section 1114(a) of the Bankruptcy Code.

S.    <u>No Domestic Support Obligations – Section 1129(a)(14)</u>.  The Debtor is a corporation and, therefore, this section is inapplicable here.

T.    <u>Debtor is Not An Individual – Section 1129(a)(15)</u>.  The Debtor is not an individual and, therefore, this section is inapplicable here.

U.    <u>No Applicable Nonbankruptcy Law Regarding Transfers – Section 1129(a)(16)</u>.  The Debtor is a moneyed, business or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable here.

V.    <u>Only One Plan – Section 1129(c)</u>.  The Plan is the only plan filed in this case, and accordingly, section 1129(c) is in applicable here.

W.    <u>Principal Purpose of the Plan – Section 1129(d)</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

X.    <u>Good Faith Solicitation – Section 1125(e)</u>.  Based on the record before the Court in this case, (i) the Debtor is deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation and (ii) the Debtor, and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates, and representatives shall be

deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Injunction and Exculpation provisions set forth in Article VI of the Plan.

Y.    Solicitation.  The Plan, the Disclosure Statement, the Ballots, and the Confirmation Hearing Notice were transmitted and served in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Solicitation and Voting Procedures Order.  The forms of the Ballots adequately addressed the particular needs of this case and were appropriate for Classes 4 and 5, the only Classes of Claims entitled to vote to accept or reject the Plan.  As set forth more fully in the Voting Certification, the period during which the Debtor solicited acceptances to the Plan was a reasonable under the circumstances for the Class 4 and 5 Claimants, the only creditors entitled to vote to on the Plan, to make an informed decision to accept or reject the Plan.  In particular, and without limitation, (a) the Plan, Disclosure Statement and the Ballots were transmitted to all Class 4 and 5 Claimants, (b) sufficient and reasonable time and notice were prescribed for the Class 4 and 5 Claimants to accept or reject the Plan, (c) the Ballots submitted by the Class 4 and 5 Claimants were submitted by the Holders of record in those Classes as of September 11, 2012 (the "Record Date"), and (d) the establishment and notice of the Record Date was appropriate and reasonable.  Pursuant to section 1126(f) of the Bankruptcy Code, the Debtor was not required to solicit votes from the Holders of Claims in Classes 1, 2, 3, and 6.  As described in and as evidenced by the Voting Certification and the Notice Affidavit, the transmittal and service of the Plan, the Disclosure Statement, the Ballots,

the Confirmation Hearing Notice was timely, adequate and sufficient under the circumstances. The Debtor and any and all of its respective directors, officers, members, managers, employees, attorneys and advisors of each of the foregoing that may have solicited votes on the Plan or participated in the formulation of the Plan, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and, therefore, are all entitled to the protections of section 1125(e) of the Bankruptcy Code.

AA.    Notice. As is evidenced by the Voting Certification and the Notice Affidavit, the transmittal and service of the Plan, the Disclosure Statement and Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in accordance with the Solicitation and Voting Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule or regulation and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

BB.    Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

CC.    Good Faith. The Debtor and all of its respective professionals will be acting in good faith if they proceed to (i) consummate the Plan and (ii) take the actions authorized and directed by this Order.

## **ORDER**

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in this Chapter 11 Case, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1.      <u>Confirmation</u>. The Plan is confirmed. The Debtor is authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and (b) execute such documents and instruments as may be required to implement the Plan.

2.      <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues that might have been raised with respect to confirmation of the Plan, and, as set forth above all objections have either been withdrawn, settled or overruled.

3.      <u>Appointment of Plan Administrator</u>. On the Effective Date, Sltn Trst LLC (d/b/a Solution Trust LLC) shall be the Plan Administrator. The Plan Administrator shall be vested with all of the powers set forth in the Plan.

4.      <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order. In the event of any inconsistencies between the Plan and this Order, this Order shall govern.

5.      <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of distributions to be made under the Plan shall be governed solely by the

terms of the Plan.  The classifications set forth on the Ballots tendered to or returned by the

Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely

for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no

event shall be deemed to modify or otherwise affect, the actual classification of such Claims

under the Plan for distribution purposes, (c) may not be relied upon by any creditors as

representing the actual classification of such Claims under the Plan for distribution purposes, and

(d) shall not be binding on the Debtor for purposes other than voting on the Plan.

      6.    <u>Distributions Under the Plan</u>.  All distributions under the Plan shall be

made in accordance with Article V of the Plan.

      7.    <u>Rejection of Remaining Executory Contracts and Unexpired Leases</u>.

Except with respect to executory contracts or unexpired leases that: (i) were previously assumed

or rejected by order of the Bankruptcy Court; or (ii) are the subject of a pending motion or notice

to assume or reject, pursuant to section 365 of the Bankruptcy Code, on the Confirmation Date,

each executory contract and unexpired lease entered into by Debtor prior to the Petition Date that

has not previously expired or terminated pursuant to its own terms shall be deemed rejected

pursuant to section 365 of the Bankruptcy Code; *provided, however*, that nothing in this

paragraph shall cause the rejection, breach or termination of any contract of insurance benefiting

the Debtor and its Estate.  The Confirmation Order shall constitute an order of the Bankruptcy

Court approving the rejections described herein and in the Plan, pursuant to section 365 of the

Bankruptcy Code as of the Confirmation Date.

      8.    <u>Bar Date for Executory Contracts and Unexpired Leases Rejected</u>

<u>Pursuant to Confirmation Order and Plan</u>.  All proofs of claim with respect to Claims arising

from the rejection of executory contracts or unexpired leases pursuant to Confirmation of the Plan, if any, must be Filed with the Claims Agent within the earlier of thirty (30) days after the Effective Date or the entry of a prior order of the Bankruptcy Court rejecting such contract. Any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Confirmation of the Plan that is not Filed within such times will be forever barred from assertion against the Debtor and their property

9.    <u>No Alteration of Sale Order</u>. Nothing in this Order or the Plan shall change, alter or affect any of the respective obligations of the Debtor or any counterparty to a sale agreement or sale order.

10.    <u>Insurance Policies</u>. Notwithstanding anything contained in this Order and/or the Plan to the contrary, unless specifically rejected by order of the Bankruptcy Court, all of the Debtor' rights in insurance policies and any agreements, documents, or instruments relating thereto, are continued. Nothing in the Plan and/or this Order shall constitute or be deemed a waiver of any cause of action that the Debtor may hold against any entity, including, without limitation, the insurer, under any of the Debtor' policies of insurance.

11.    <u>Binding Effect of Plan</u>. On the Effective Date, the provisions of the confirmed Plan, as modified or amended by this Confirmation Order, shall bind the Debtor, the Plan Administrator, any Person or Entity acquiring property under the Plan, and any Creditor or Equity Interest Holder, whether or not such Creditor or Equity Interest Holder has filed a proof of claim or interest in this Chapter 11 Case, whether or not the Claim of such Creditor or Equity Interest Holder is impaired under the Plan, and whether or not such Creditor or Equity Interest Holder has accepted or rejected the Plan. All Claims shall be as fixed and adjusted pursuant to

the Plan.  With respect to any taxes of the kind specified in Bankruptcy Code section 1146, this

Plan shall also bind any taxing authority, recorder of deeds or similar official for any county,

state, or governmental unit or parish in which any instrument related to under this Plan or related

to any transaction contemplated under this Plan is to be recorded.

12.    Cessation of the Debtor's Business Operations.  From and after the

Effective Date, the Debtor (i) shall be deemed, for all purposes, to have dissolved and terminated

all of its business operations from any state in which the Debtor was previously conducting or is

registered or licensed to conduct, its business operations, and shall not be required to file any

document, pay any sum or take any other action, in order to effectuate such withdrawal; (ii) shall

be deemed to have cancelled pursuant to the Plan all Equity Interests; and (iii) shall not be liable

in any manner to any taxing authority for franchise, business, license or similar taxes accruing on

or after the Effective Date.

13.    Disputed Claims.  The provisions of Article VIII of the Plan with respect

to procedures for resolving Disputed Claims are found to be fair and reasonable and are

approved.

14.    Withholding and Reporting Requirements.  Each holder of an Allowed

Claim that is to receive a distribution under the Plan shall have the sole and exclusive

responsibility for the satisfaction and payment of any tax obligations imposed by any

governmental unit, including income, withholding, and other tax obligations, on account of such

distribution.

15.    Dissolution of the Committee/ Establishment of Post Effective Date

Committee.  Until the Effective Date, the Committee shall continue in existence; *provided,*

*however,* that on the Effective Date, the Committee shall be dissolved pursuant to Article V.J of

the Plan and the Post Effective Date Committee shall be formed with all of the rights, powers,

and duties set forth under the Plan.  On the Effective Date, the members of the Committee shall

be relieved of all duties from or related to this Chapter 11 Case as members of the Committee.

The Plan Administrator shall continue to compensate the Committee's Professionals for

reasonable services provided in connection with any Professional Fee Claims or services

rendered to the Liquidating Debtor post Effective Date.

16.    <u>Deadline for Filing Professional Fee Claims</u>.  Professionals requesting

compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b) and

1103 of the Bankruptcy Code relating to services incurred on and after the Petition Date and

prior to and including the Effective Date must file an application for final allowance of

compensation and reimbursement of expenses no later than sixty (60) days after the Effective

Date.  All such applications for final allowance of compensation and reimbursement of expenses

will be subject to the authorization and approval of the Bankruptcy Court.

17.    <u>Objections to Claims</u>.  Objections to General Unsecured Claims shall be

filed and served upon each affected Creditor within one-hundred and twenty (120) days after the

later of the Effective Date or such other period of limitation as may be specifically fixed by an

order of the Court or the relevant parties for objecting to such Claims or as extended by

appropriate and further order of the Court (the "<u>Objection Deadline</u>").

18.    <u>Retention of Jurisdiction</u>.  From and after the Confirmation Date, the

Bankruptcy Court shall retain such jurisdiction as is legally permissible, including, but not

limited to, for the following purposes: (a) to hear and determine any and all objections to the

allowance of a Claim, actions to equitably subordinate a Claim, approval of any necessary claims reconciliation protocols, or any controversy as to the classification of a Claim in a particular Class under the Plan; (b) to administer the Plan; (c) to liquidate any Disputed Claims; (d) to hear and determine any and all adversary proceedings, contested matters or applications pending on the Effective Date or otherwise relating to, arising from, or in connection with this case; (e) to hear and determine any and all motions and/or objections to fix and allow any Claims; (f) to hear and determine any and all applications by Professionals for an award of Professional Fee Claims; (g) to enable the Debtor or the Plan Administrator to commence and prosecute any litigation which may be brought after the Effective Date; (h) to interpret and/or enforce the provisions of the Plan and the injunction provided for in the Plan and to determine any and all disputes arising under or regarding interpretation of the Plan or any agreement, document or instrument contemplated by the Plan; (i) to enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified or vacated; (j) to modify any provision of the Plan to the extent permitted by the Bankruptcy Code and to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan; (k) to enter such orders as may be necessary or appropriate in furtherance of Confirmation and the successful implementation of the Plan and to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code; and (l) to close the Chapter 11 Case when administration of the case has been completed.

19.    Notwithstanding the entry of this Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain such

jurisdiction over the Chapter 11 Case and all matters arising out of or related to the Chapter 11

Case and the Plan and arising from or related to the resolution of Disputed Claims filed in the

Chapter 11 Case, including jurisdiction with respect to those items enumerated in Article XI of

the Plan, which are incorporated herein by reference.

20.    <u>United States Trustee Fees</u>.  All outstanding fees due under 28 U.S.C. §

1930 that have not been paid shall be paid by the Debtor on or before the Effective Date.

Thereafter, the Plan Administrator and Liquidating Debtor are obligated to and shall pay any

statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a

final decree or an order converting or dismissing the case.

21.    <u>Approval of Exculpation, Releases, and Confirmation Injunction</u>.  The

injunction, releases, exculpation, indemnification, and related provisions set forth in Article VI

of the Plan are hereby approved.

22.    **Plan Injunction.  Except as otherwise expressly provided in the Plan**

**including, without limitation, the treatment of Claims against the Debtor, the entry of the**

**Confirmation Order shall, provided that the Effective Date shall have occurred, operate to**

**enjoin permanently all Persons that have held, currently hold or may hold a Claim against**

**the Debtor, from taking any of the following actions against the Debtor, the Liquidating**

**Debtor, the Plan Administrator, the Committee, the Post Effective Date Committee, or any**

**of their respective attorneys, advisors, employees, present and former directors, officers,**

**trustees, agents, members, or any of their respective successors or assigns (in each case,**

**solely in their capacities as such), or any of their respective assets or properties, on account**

**of any Claim against the Debtor:  (a) commencing, conducting or continuing in any**

manner, directly or indirectly, any suit, action or other proceeding of any kind with respect to a Claim against the Debtor; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order with respect to a Claim against the Debtor; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind with respect to a Claim against the Debtor; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any Claim, liability or obligation due to the Debtor or their property or Assets with respect to a Claim against the Debtor; and (e) proceeding in any manner in any place whatsoever that does not conform to or comply with or is inconsistent with the provisions of the Plan; provided, however, nothing in this injunction shall preclude the Holder of a Claim against the Debtor from pursuing any applicable insurance after the Effective Date, from seeking discovery in actions against third parties or from pursuing third-party insurance that does not cover Claims against the Debtor; provided further, however, nothing in this injunction shall limit the rights of a Holder of a Claim against the Debtor to enforce the terms of the Plan; and provided further, however, that nothing in this injunction shall limit the rights of the Post Confirmation Administrator for pursuing any of the entities identified in Article V.L of the Plan for any and all claims of the Debtor.

23.    <u>No Effect on Prior Releases</u>.  Nothing in this Plan shall amend, alter, modify, change, or affect in any manner, any release previously approved by the Bankruptcy Court, including, but not limited to, the releases among the Debtor, the Committee, and

counterparties that were set forth in the settlements and approved by the Bankruptcy Court pursuant to the appropriate orders.

24.   <u>Effective Date</u>.  The Effective Date of the Plan means the date selected by Debtor and the Committee, which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect; and (b) all conditions specified in Article IX.B of the Plan have been satisfied, unless waived by the Debtor and the Committee.

25.   <u>Notice of Entry of Confirmation Order/ Effective Date</u>.  As soon as practicable after the Effective Date, counsel for the Debtor shall mail notice of the entry of this Order and of the occurrence of the Effective Date to all Creditors that received the Solicitation Package, all Professionals retained in this case, and any known party affected by the rejection of executory contracts and unexpired leases addressed herein who had not previously had their executory contract and unexpired lease rejected by the Debtor.  The notice shall set forth the deadlines for filing Professional Fee Claims and claims for rejection damages, identify the date that is the Effective Date, and provide such other information as may be appropriate to implement the Plan, and such notice shall constitute adequate and sufficient notice of the post-confirmation filing deadlines set forth herein.

26.   <u>Continued Effect of Stays and Injunction</u>.  All injunctions or stays provided in, or in connection with, the Chapter 11 Case, whether pursuant to sections 105 or 362 of the Bankruptcy Code, or any other applicable law or court order, in effect immediately prior to the Confirmation of the Plan, shall remain in full force and effect thereafter, except as otherwise provided by the Confirmation Order, the Plan or their own terms.  Nothing herein shall bar the

taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or by the Confirmation Order.

27.    <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

28.    <u>Preservation of Causes of Action</u>.  Any Causes of Action not expressly released herein or in the Plan that the Debtor may hold against any Entity is hereby preserved.

29.    <u>Effect of Conflict Between the Plan and Confirmation Order</u>.  If there is any inconsistency between the terms of the Plan and the terms of the Confirmation Order, the terms of the Confirmation Order shall govern and control.

30.    <u>Final Order</u>.  The Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

31.    <u>Waiver of Stay</u>.  The stay of the Confirmation Order provided by any Bankruptcy Rule (including Bankruptcy Rules 3020(e), 6004(h) and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and the Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

32.    <u>Nonseverability of Plan Provisions Upon Confirmation</u>.  Each term and provision of the Plan, and the transactions related thereto, as it heretofore may have been altered or interpreted by the Bankruptcy Court is:  (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and the transactions related thereto and may not be deleted or modified except by the Plan Proponents, who reserve the right to modify the Plan, pursuant to Article X of the Plan; and (c) nonseverable and mutually dependent.

33.    <u>Authorizations to Take Acts Necessary to Implement Plan</u>.  The Debtor,

Liquidating Debtor, and the Plan Administrator, as applicable, may take all actions to execute,

deliver, file or record such contracts, instruments, releases, leases and other agreements or

documents and take such actions as may be necessary or appropriate to effectuate and implement

the provisions of the Plan  without the need for any further notice to or action, order or approval

of the Bankruptcy Court, or other act or action under applicable law, regulation, order or rule

except for those expressly required pursuant to the Plan.  All matters provided for pursuant to the

Plan that would otherwise require approval of the shareholders, or directors of the Debtor shall

be deemed to have been so approved and shall be in effect prior to, on or after the Effective Date

(as appropriate) pursuant to applicable law and without any requirement of further action by the

shareholders or directors of the Debtor, or the need for any approvals, authorizations, actions or

consents except as otherwise expressly required pursuant to the Plan.

34.    Notwithstanding anything else contained herein, the provisions of Article

VI.A of the Plan shall not limit the ability of the Securities and Exchange Commission ("SEC")

to pursue any entity or Person in connection with any claim or cause of action that the SEC may

have in connection with or relating to the Debtor; provided, however, that nothing herein shall

impair or limit any rights, defenses, setoffs, claims or counterclaims of any third party entity or

Person to any SEC claim or cause of action.

35.    <u>Notice of Confirmation Order and Effective Date</u>.  In accordance with

Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date,

the Debtor shall file with the Bankruptcy Court and serve notice of the entry of the Confirmation

Order, substantially in the form annexed hereto as **<u>Exhibit A</u>**, to all parties who hold a Claim in

the chapter 11 case, including those parties who have requested service of papers under

Bankruptcy Rule 2002 and the U.S.

Trustee.  Such notice is hereby approved in all respects and shall be deemed good and sufficient

notice of entry of the Confirmation Order.

Dated:  November ___, 2012

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge