IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CYDE Liquidating Co.,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No. 12-10633 (BLS)<br><br>Related Docket Nos. 444, 469, ____ |

**FINAL DECREE (I) CLOSING CHAPTER 11 CASE, AND
(II) AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER
DISPOSAL OF THE REMAINING RECORDS IN THE DEBTOR'S POSSESSION**

Upon consideration of the *Debtor's Motion for the Entry of a Final Decree (I) Closing Chapter 11 Case, and (II) Authorizing the Destruction of the Remaining Records in the Debtor's Possession* (the "Motion"),[2] the *Objection of Pepper Hamilton LLP to Debtor's Motion for the Entry of a Final Decree (I) Closing Chapter 11 Case, and (II) authorizing the Destruction, Abandonment, or Other Disposal of the Remaining Records in the Debtors' Possession* (the "Pepper Objection"), the *Memorandum in Support of Pepper Hamilton's Objection to Plan Administrator's Motion for the Entry of a Final Decree*, the *Reply in Support of Motion for the Entry of a Final Decree (I) Closing Chapter 11 Case, and (II) Authorizing the Destruction of the Remaining Records in the Debtor's Possession*, the *Supplemental Reply in Support of Motion for the Entry of a Final Decree (I) Closing Chapter 11 Case, and (II) Authorizing the Destruction of the Remaining Records in the Debtor's Possession*, certain filings, pleadings, declarations and other docket entries in the above-captioned bankruptcy case including the Plan and the Confirmation Order, and it appearing that this Court has jurisdiction

---

[1] The last four digits of the Debtor's federal tax identification number are (5833). Pursuant to an order of the Bankruptcy Court, the Debtor's name, which was previously CyberDefender Corporation, has been changed to CYDE Liquidating CO. The Debtor's address is: CYDE Liquidating Co., c/o Solution Trust, 29209 Canwood St., Suite 210, Agoura Hills, CA 91301.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

-1-

#18598156 v3

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that (i) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) due and proper notice of the Motion having been given; (iv) except as it relates to the payment of all Chapter 11 Professional Fee Claims (as defined below), the Debtor's estate has been administered as required by section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 and Local Rule 5009-1(b), and that the destruction, abandonment or other disposition of the Remaining Documents is appropriate under sections 363 and 554(a) of the Bankruptcy Code, and Bankruptcy Rule 6007, under the facts and circumstances of the Chapter 11 Case; and after due deliberation and it appearing that good cause exists to sustain the Pepper Objection in its entirety and to enter an order sustaining the Pepper Objection, but otherwise granting the remainder of the relief sought in the Motion to the extent that such relief is not inconsistent with the Pepper Objection, and that such relief would be in the best interests of the Debtor, its estate and creditors; it is hereby

ORDERED that the Pepper Objection is SUSTAINED in its entirety; and it is further

ORDERED that within five (5) business days from the entry of this Order the Plan Administrator shall, pay, in full, the allowed amount of the final fees and expenses of the professionals retained in the Debtor's bankruptcy case (the "Chapter 11 Professional Fee Claims"), which amounts were approved by the Court pursuant to that certain *Omnibus Order Approving Final Fee Applications for Compensation and Reimbursement of Expenses* (the "Final Fee Order") entered in the Debtor's bankruptcy case on January 24, 2013; and it is further

ORDERED that, the unpaid portion of the Chapter 11 Professional Fee Claims to be paid in full by the Plan Administrator include: $91,091.94 to Pepper Hamilton, LLP;

#18598156 v3

$53,905.00 to XRoads Solutions Group, LLC; and $105,149.32 to Pachulski Stang Ziehl & Jones, LLP; provided, however, that any such professional may agree to accept payment in a lesser amount in full payment of their Chapter 11 Professional Fee Claim; and it is further

ORDERED that to the extent insufficient funds exist to pay the Chapter 11 Professional Fee Claims in full, the Plan Administrator and any professionals retained by the Plan Administrator shall return any and all fees and expenses paid to the Plan Administrator or such professionals for fees and expenses incurred after December 3, 2012 (the "Effective Date"), so that neither the Plan Administrator nor any professional retained by the Plan Administrator shall receive reimbursement or compensation of any fees and expenses incurred by the Plan Administrator or the Debtor's estates after the Effective Date of the Plan; and it is further ordered that.

ORDERED that until the Chapter 11 Professional Fee Claims are paid in full, the Plan Administrator shall not pay, disburse or otherwise satisfy any claims, charges, fees, expenses or any other amounts whatsoever from funds or other assets held by or on behalf of the Plan Administrator or the Debtor's bankruptcy estate;

ORDERED that, upon certification from the Plan Administrator that he has paid, in full, the Chapter 11 Professional Fees Claims (the "Payment Certification"), the Debtor's Chapter 11 Case shall be deemed closed, effective as the date of filing of such certification, pursuant to Bankruptcy Code section 350(a), Bankruptcy Rule 3022 and Local Rule 5009-1(b); and it is further

ORDERED that the Court shall retain jurisdiction pursuant to Bankruptcy Code section 350(b) to reopen this case to administer assets, to accord relief to the Debtor, or for other cause, and to the extent necessary to enforce the provisions of the Plan, the Confirmation Order and this Final Decree; and it is further

#18598156 v3

ORDERED that the Debtor is authorized to destroy, abandon, or otherwise dispose of the Remaining Records, and to make all payments necessary to effectuate such destruction, provided that no such payments shall be made pending the payment in full of the Chapter 11 Professional Fee Claims; and it is further

ORDERED that pursuant to Local Rule 2002-1 (f)(ix), within thirty (30) days after the filing of the Payment Certification (at which time the case shall be deemed closed), Debtor's counsel shall forward to the Clerk of the Court:

a) a final claims register (updated through case closing);

b) a CD of all imaged claims; and

c) an excel spreadsheet containing all claims information, along with an updated 2002 list and updated creditor mailing list, which shall contain the names and addresses of all creditors; and it is further

ORDERED that within thirty (30) days after the filing of the Payment Certification and at the direction of the Clerk of the Court, Debtor's counsel shall box and transport all original proofs of claim to the Federal Archives; and it is further

ORDERED that nothing herein shall limit or restrict the rights, claims or remedies of any professionals subject to the Final Fee Order to obtain the payment in full of their respective Chapter 11 Professional Fee Claims.

Dated: Sept 18, 2013

The Honorable Brendan L. Shannon
United States Bankruptcy Judge

#18598156 v3