Peter M. Gilhuly
Direct Dial: (213) 891-8720
peter.gilhuly@lw.com

355 South Grand Avenue
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

File No. 031178-0095

September 23, 2013

Honorable Brendan L. Shannon
United States Bankruptcy Court
for the District of Delaware
824 North Market Street
6th Floor, Courtroom 1
Wilmington, DE 19801

Re: *In re* CYDE Liquidating Co., Case No. 12-10633 (BLS)

Dear Judge Shannon:

We represent GR Match, LLC ("GRM") and write in response to the September 19, 2013 letter of Jeffrey Pomerantz, counsel for the Plan Administrator, filed in the above-captioned case [Docket No. 481] (the "September 19 Letter"), which references the *Final Decree (i) Closing Chapter 11 Case, and (ii) Authorizing the Destruction, Abandonment, or Other Disposal of the Remaining Records in the Debtor's Possession* entered on September 18, 2013 [Docket No. 480].

On May 7, 2012, the Court entered an Order authorizing the sale of the Debtor's assets to GRM (the "Sale") free and clear of all liens, claims, encumbrances and other interests [Docket No. 192] (the "Sale Order"). On May 24, 2012, the Court entered an *Order Approving Stipulation Between The Debtor, GR Match, LLC and the Official Committee of Unsecured Creditors of Cyberdefender Corporation Regarding Compromise* [Docket No. 215] (the "GRM Reconciliation Order"). The GRM Reconciliation Order approved a stipulation that addressed several issues relating to the closing of the sale of the Debtor's assets to GRM. First, pursuant to the GRM Reconciliation Order, GRM agreed to fund remaining amounts due under the Debtor's DIP credit facility and the Debtor was required to return any excess funds to GRM upon a closing of the case after a reconciliation. In addition, the Debtor's cash in its Union Bank operating account was included among the assets purchased by GRM and the reconciliation was in furtherance of the Debtor's obligations under the Sale Order to transfer such cash to GRM. The reconciliation was not completed by the Plan Administrator until after the effective date of the Debtor's plan. Pursuant to such reconciliation, GRM is entitled to a payment in the amount of $44,959.95 (the "GRM Payment"), including $27,634.00 in post-petition utility deposits funded by the Debtor pursuant to Section 366 of the Bankruptcy Code – an asset of the Debtor that was purchased by GRM pursuant to the Sale Order.

LA\3304439.1

# LATHAM&WATKINS LLP

   Because the GRM Payment constitutes the transfer of assets purchased by GRM pursuant to the Sale Order, it is not property of the estate available for distribution to unpaid administrative creditors, including the Debtor's professionals. This is also the position that was taken by the Debtor in its May 21, 2013 letter to the Court [Docket No. 472]. Both the Official Committee of Unsecured Creditors and the Debtor were a party to the stipulation that was approved by the GRM Reconciliation Order. As a result of the forgoing, GRM is entitled to payment of the entirely of the GRM Payment prior to the payment of any administrative expenses, including the claims of professionals, and should not be required to accept a 31% *pro rata* share of its claim with all priority and administrative claimants.

   We recognize that the Debtor filed its *Motion for Final Decree (1) Closing Chapter 11 Case, and (II) Authorizing the Destruction, Abandonment, or Other Disposal of the Remaining Records in the Debtor's Possession* [Docket No. 444] (the "Final Decree Motion") on March 7, 2013 and that there has been a substantial amount of controversy surrounding the Final Decree Motion as a result of the fact that the Debtor lacks sufficient funds to pay all priority and administrative claims in full. However, the September 19 Letter included the first suggestion that the GRM Payment is actually property of the Debtor's estate and available to be distributed to the Debtor's creditors on account of their administrative and priority claims. Any distributions to the Debtor's creditors must be made only after the GRM Payment is paid to GRM in full as a final reconciliation of the assets purchased by GRM pursuant to the Sale Order.

   We can be available at the Court's convenience for a telephonic conference should the Court deem it appropriate.

           Respectfully,

           */s/ Peter Gilhuly*

           Peter M. Gilhuly


cc:  Jeffrey N. Pomerantz, Esq.
    Donald Detweiler, Esq.

LA\3304439.1